UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACIE V. THERRIEN,

    Plaintiff,                                      Case No. 18-12966

vs.                                              HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# OPINION & ORDER
### (1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JUNE 28, 2019 (Dkt. 18), (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 14), and (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 16)

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Stephanie Dawkins Davis, issued on June 28, 2019. In the R&R, the Magistrate Judge recommends that the Court grant Plaintiff Tracie Therrien's motion for summary judgment (Dkt. 14), deny Defendant Commissioner of Social Security's motion for summary judgment (Dkt. 16), and remand the Commissioner's decision under sentence four of 42 U.S.C. § 405(g).

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987)

(failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court accepts the recommendation contained in the Magistrate Judge's R&R (Dkt. 18). The Court **GRANTS** Plaintiff's motion for summary judgment (Dkt. 14), **DENIES** Defendant's motion for summary judgment (Dkt. 16), **REVERSES** the findings of the Commissioner, and **REMANDS** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with the Magistrate Judge's report and recommendation.

SO ORDERED.

Dated: July 15, 2019　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge