UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACIE V. THERRIEN,

    Plaintiff,

vs.

Civil Action No.
18-12966

HON. MARK A. GOLDSMITH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION & ORDER**
**DENYING MOTION FOR ATTORNEY FEES (Dkt. 21)**

This matter was remanded to the Administrative Law Judge ("ALJ") because the ALJ failed to articulate why controlling weight was not given to Plaintiff Tracie V. Therrien's treating physician. Report and Recommendation ("R&R) at 25 (Dkt. 25). Plaintiff now moves for attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Dkt. 21), arguing that the Commissioner's denial of benefits was not substantially justified. The Commissioner filed a response brief in opposition (Dkt. 22). For the reasons that follow, the Court concludes that because this matter was remanded for an articulation error, Plaintiff's counsel is not entitled to an award of attorney fees under the EAJA.

**I.**     **LEGAL STANDARD**

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). The "position of the United States" is defined as,

1

"in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); see also Delta Eng'g v. United States, 41 F.3d 259, 261 (6th Cir. 1994) ("The government's 'position' comprehends both the United States' underlying action and its litigation position." (citations omitted)).

The Commissioner's position is substantially justified if it has a "'reasonable basis both in law and fact.'" DeLong v. Comm'r of Soc. Sec. Admin., 748 F.3d 723, 726 (6th Cir. 2014) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The Commissioner's failure to prevail in the litigation "raises no presumption that its position lacked substantial justification." United States v. Real Prop. Located at 2323 Charms Rd., Milford Twp., Oakland Cty., Mich., 946 F.2d 437, 440 (6th Cir. 1991). "The [Commissioner] bears the burden of demonstrating substantial justification." Sec'y of United States Dep't of Labor v. Jackson Cty. Hosp., Inc., 215 F.3d 1327, at *3 (Table) (6th Cir. 2000) (citation omitted).

## II. ANALYSIS

The question here is whether the Commissioner's position was not substantially justified such that EAJA fees should be awarded.[1] Therrien argues that the Commissioner's position was not substantially justified because the ALJ did not properly apply the treating physician rule and explain why controlling weight should not be afforded to one of her treating physicians, Dr. Neal Fellows. Mot. at 9. She also argues that the Commissioner's position was not substantially justified because the Commissioner did not file any objections to the R&R. Id. at 12. Neither argument is persuasive.

---

[1] It is undisputed that Therrien's counsel's application for attorney fees was timely filed and that Therrien is a "prevailing party" within the meaning of the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 301-302 (1993) (holding that a party who receives a sentence-four remand in a Social Security case is a prevailing party for the purposes of the EAJA).

This case was remanded because "the ALJ's failure to expressly analyze Dr. Fellows' opinions under the two-prong controlling weight standard is error requiring remand." R&R at 25. This is an articulation error. In other words, the "fatal flaw in the ALJ's opinion was <u>not</u> in the weight he found was appropriate for the various medical opinions, but rather in his failure to <u>explain</u> his findings adequately." <u>DeLong</u>, 748 F.3d at 727 (emphasis in original, internal marks omitted). As the magistrate judge noted, "Dr. Fellows' opinions appear to be both well-supported by medically acceptable clinical and laboratory diagnostic techniques, and not inconsistent with the other substantial evidence in the case record." R&R at 25 (internal marks omitted). Under these circumstances, "an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification." <u>DeLong</u>, 748 F.3d at 727.

Therrien's second argument has no support in the law. Therrien has not provided any legal citation, and the Court is not aware of any, supporting her position that the Commissioner's failure to object to an R&R raises an inference that the Commissioner's position was not substantially justified. Moreover, there is no need to speculate about this issue, because the Commissioner filed a brief opposing the present motion arguing that his position was substantially justified. Therefore, this argument is without merit.

The Commissioner has met his burden of demonstrating that his position was substantially justified. The ALJ's decision was rooted in the facts and analyzed under the correct legal standards, even though the ALJ failed to fully articulate his reasons for not giving Dr. Fellows's opinions controlling weight. This matter has been remanded, but remand alone is not a proper basis to award EAJA fees. <u>Id.</u> at 726. The Commissioner may have a fully justified position even if the ALJ's decision was poorly explained. <u>Id.</u> at 727. The error in this case was procedural rather than substantive. The Sixth Circuit has cautioned that remand on procedural grounds may result

in yet another denial of benefits and might well be sustained on appeal. Id. Therefore, EAJA fees are not warranted in this case.

## III. CONCLUSION

For the reasons stated above, Therrien's motion for attorney fees under the EAJA (Dkt. 21) is denied.

SO ORDERED.

Dated: February 26, 2020　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge